UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **BOMANI BARTON,** *Plaintiff* | § § § |
| v. | §  No. 1:22-CV-00221-RP § |
| **CITY OF AUSTIN, TEXAS, KYU AN,** *Defendants* | § § § § |

# ORDER

Before the Court is Defendant Kyu An's Opposed Motion to Stay Discovery, Dkt. 19. The District Court referred the motion to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After considering the motion and all related filings, the Court now grants the motion.

## I.   BACKGROUND

This case arises out of the Austin Police Department's response to protests that happened in downtown Austin in May 2020. Dkt. 1. The plaintiff in this case, Bomani Barton, alleges that APD Officer An shot him with a "beanbag round," also referred to as a "less lethal" round, during the protest. *Id.*, at 6. Citing this conduct, Barton asserts Fourteenth Amendment excessive-force, First Amendment retaliation, and punitive damages claims against Officer An, all pursuant to 42 U.S.C. § 1983. *Id.*, at 7-9. In connection with law enforcement's response to this same protest, the Travis

1

*City of Burnet*, No. A-20-CV-00162-JRN, 2020 WL 9076545, at *1 (W.D. Tex. July 17, 2020) (citing *Alcala v. Tex. Webb Cnty.*, 625 F. Supp. 2d 391, 397-98 (S.D. Tex. 2009)). Courts have found special circumstances where a defendant attempts to preserve his Fifth Amendment right against self-incrimination and resolve "the conflict he would face between asserting this right and defending the civil action." *Bean v. Alcorta*, 220 F. Supp. 3d 772, 775 (W.D. Tex. 2016) (quoting *Alcala*, 625 F. Supp. 2d at 397); *see also, e.g.*, *In re Grand Jury Subpoena*, 866 F.3d 231, 234 (5th Cir. 2017) (observing that "less restrictive civil discovery could undermine an ongoing criminal investigation and subsequent criminal case").

### III.   DISCUSSION

#### A.   Overlap Between the Criminal and Civil Cases

"The extent to which issues in the criminal case overlap with those presented in the civil case generally is regarded as the most important factor in the analysis." *DeSilva v. Taylor*, No. 1:21-CV-00129-RP, 2022 WL 545063, at *3 (W.D. Tex. Feb. 23, 2022) (internal quotation marks omitted). "Where there is significant overlap, self-incrimination is more likely and thus weighs in favor of a stay." *Bean*, 220 F. Supp. 3d at 776. The facts that form the basis of the indictment pending against Officer An are the same facts that form the basis for Barton's claims against him. *Compare* Dkt. 1, at 6, *with* Dkt. 18-1.

Barton does not deny that the facts here overlap, nor could he credibly do so. Instead, Barton points to cases denying a stay despite an overlap in the facts. Dkt. 23, at 5-7. As Officer An points out, though, one of those cases, *Alcala*, involved a civil

3

claim based on an alleged employment-law retaliation, while the criminal case was based on the running of an illegal gambling operation. *See* Dkt. 26, at 4 (discussing *Alcala*, 625 F. Supp. 2d at 402-03). Citing "a lack of significant overlap between the [civil and criminal cases]," the court denied the stay. 625 F. Supp. 2d at 402. Likewise, *Olson*, is also distinguishable: while the Court there found the facts did overlap and the criminal prosecution was active, the Court concluded that—unlike here, as discussed below—the remaining factors did not favor a stay. 2020 WL 9076545, at *2. Moreover, the Court later revisited that decision sua sponte and ultimately granted a stay. *See* Order, No. 1:20-CV-00162-JRN (W.D. Tex. Mar. 17, 2021), Dkt. 107.

The question is simple: do the facts overlap? Here, they undeniably do. This factor, the "most important," weighs in favor of granting a stay. *See, e.g.*, *DeSilva*, 2022 WL 545063, at *3 ("Because there is significant overlap between the issue presented in this case and Defendants' criminal proceedings, there is a significant danger of self-incrimination. The first and most important factor weighs strongly in favor of staying the case.").

Barton gives the remaining factors either cursory treatment or declines to address them at all. As alluded to above, however, the Court concludes that each of the remaining factors likewise favors a stay.

### B.     Status of the Criminal Case

"The 'strongest case' for a stay exists where a party is indicted for a serious offense and must defend a civil action involving the same matter." *Alcala*, 625 F. Supp. 2d at 401. Officer An has been indicted. Dkt. 27-1.

> A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.

*Librado v. M.S. Carriers, Inc.*, No. 3:02-CV-2095D, 2002 WL 31495988, at *2 (N.D. Tex. Nov. 5, 2002). Now that Officer An has been indicted, he is at risk of potentially making incriminating statements in his civil case. *See DeSilva*, 2022 WL 545063, at *3 (reaching the same conclusion). This factor weighs in favor of a stay.

### C. Plaintiff's Interests

Barton does have an interest in having his claim against Officer An prosecuted expeditiously. But when evaluating this factor, "courts may require a plaintiff to establish more prejudice than simply a delay in its right to expeditiously pursue his claim." *Id.* Barton complains that granting a stay may delay the trial in this case "indefinitely," and with that delay, the attendant loss of witnesses' memory. Dkt. 23, at 7. But, as in *DeSilva*, Barton "identifies no discovery that is available now but would be unavailable later should a stay be granted" and "has not alleged that any witnesses will be unable to testify nor that any particular evidence will degrade if a stay is granted." *DeSilva*, 2022 WL 545063, at *3. Barton's conclusory statements to the contrary fail to tip this factor in his favor.

### D. Burden on Defendant

Absent a stay, Officer An will face "a conflict between asserting his Fifth Amendment rights and fulfilling his legal obligations as a witness" and defendant in this civil case. *DeSilva*, 2022 WL 545063, at *4. "This conflict may be largely, if not

5

completely, eliminated by granting a stay." *Librado*, 2002 WL 31495988, at *3. "Defendants have an interest in staying the civil trial to avoid exposing their criminal defense strategies to the prosecution." *DeSilva*, 2022 WL 545063, at *4 (citing *Alcala*, 625 F. Supp. 2d at 397). In light of the substantial overlap between the facts of the civil and criminal cases discussed above, the Court concludes that this factor weighs in favor of a stay.

### E. Interest of the Courts

As the Court in *DeSilva* noted, "granting a stay 'serves the interests of the courts, because conducting the criminal proceedings first advances judicial economy.'" 2022 WL 545063, at *4 (quoting *Jean v. City of Dallas*, No. 3:18-CV-2862-M, 2019 WL 4597580, at *5 (N.D. Tex. Sept. 22, 2019)). Moreover, "[r]esolution of the criminal case may increase prospects for settlement of the civil case and, '[d]ue to differences in the standards of proof between civil and criminal prosecutions, the possibility always exists for a collateral estoppel or res judicata effect on some or all of the overlapping issues.'" *Id.* (quoting *Jean*, 2019 WL 4597580, at *5). The Court concludes that this factor, too, weighs in favor of a stay.

### F. The Public Interest

Finally, the Court considers the public's interest. "The public has an interest in the just and constitutional resolution of disputes with minimal delay." *Walker v. Wilburn*, No. 3:13-CV-4896-D, 2015 WL 5873392, at *9 (N.D. Tex. Oct. 5, 2015). "The sixth factor typically weighs against the grant of a stay only where, unlike here, a civil case is pending and no criminal investigation has begun." *DeSilva*, 2022 WL

545063, at *4 (citing *Meyers v. Pamerleau*, No. 5:15-CV-524-DAE, 2016 WL 393552, at *7 (W.D. Tex. Feb. 1, 2016)). Moreover, "[w]hile the public certainly has an interest in the prompt resolution of the instant civil case, it also has an interest in protecting the constitutional rights of criminal defendants." *Meyers*, 2016 WL 393552, at *7. Accordingly, the final factor also supports a stay.

## IV.   ORDER

For these reasons, the Court **GRANTS** Officer An's motion, Dkt. 19, and **ORDERS** that all discovery and further proceedings in the matter against Officer An are **STAYED** until further order of this Court. (This Order does not apply to proceedings or discovery involving Defendant City of Austin.)

**IT IS FURTHER ORDERED** that Officer An is to file a status report every three months, beginning February 1, 2023, notifying the Court of the status of his criminal case. Officer An should also notify the Court as soon as practicable upon the final resolution of the criminal case.

**IT IS FURTHER ORDERED** this cause of action is removed from the docket of the undersigned and **RETURNED** to the docket of the Honorable Robert Pitman.

SIGNED November 30, 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE